# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel., | ) | CASE NO. 5:13CV2145 |
| LEATRA HARPER, et al., | ) | |
| | ) | |
| | ) | |
| RELATORS, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| MUSKINGUM WATERSHED | ) | |
| CONSERVANCY DISTRICT, | ) | |
| | ) | |
| RESPONDENT. | ) | |

Respondent Muskingum Watershed Conservancy District ("MWCD") has moved for attorney's fees and expenses incurred in connection with the present lawsuit. (Doc. No. 27 ("Mot. Fees").) Relators Leatra Harper, Steven Jansto, and Leslie Harper (collectively "relators") oppose the motion (Doc. No. 29 ("Opp'n")), and MWCD has filed a reply. (Doc. No. 31 ("Reply").)

On September 27, 2013, relators filed this *qui tam* action against MWCD under the False Claims Act ("FCA"), 31 U.S.C. § 3729. According to relators, the MWCD alienated or attempted to alienate certain deeded property by entering into gas and oil leases for the purpose of facilitating gas exploration and extraction, using the procedure known as "fracking," on the property. After the government declined to intervene, MWCD moved for dismissal of the First Amended Complaint ("FAC"), and the relators moved to further amend the FAC. (Doc. No. 12; Doc. No. 15; *see* Doc. No. 8.)

On November 25, 2015, the Court issued a Memorandum Opinion denying relators' motion to amend and granting MWCD's motion to dismiss. (Doc. No. 24.) In so ruling, the Court found that relators' claims were precluded by the public disclosure bar, and, further, that

the fraud claims in the FAC were not pled with sufficient particularity to satisfy the requirements of Rule 8 and Rule 9(b) of the Federal Rules of Civil Procedure. (*Id*.) Relators have appealed the Court's judgment of dismissal, and the appeal remains pending in the Sixth Circuit Court of Appeals. (Doc. No. 26.)

In support of the present motion, MWCD notes that the FCA provides courts with discretion to award attorney's fees and expenses to defendants who are required to defend against frivolous claims. (Mot. Fees at 477-78 (citing 31 U.S.C. § 3730(d)(4).)[1] According to MWCD, relators' claims were frivolous because they were based on publicly available information and relators were unable to demonstrate that they were the original source of the information. (*Id*. at 478-79.) It also underscores the fact that it put relators on notice that it viewed the claims in the FAC as frivolous and advised that it would seeks fees if relators persisted in prosecuting their claims. (*Id*. at 480.) Relators oppose the motion, insisting that MWCD is not entitled to fees or expenses.

Where a party has filed a notice of appeal on the merits, a district court has the discretion to do three things with respect to a motion for attorney's fees:

> If an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved.

Fed. R. Civ. P. 54(d) advisory committee's note (1993). Here, the final option—denial without prejudice—is most appropriate for three reasons.

First, if relators prevail on appeal, MWCD would not be entitled to attorney's fees and

---

[1] All page number references are to the page identification number generated by the Court's electronic docketing system.

2

expenses. Thus, deciding the motion would have wasted judicial resources. *See Rybarczyk v. TRW, Inc.*, Nos. 1:95CV2800, 1:96CV2493, 1997 WL 580609, at \*4 (N.D. Ohio Sept. 5, 1997); *see, e.g., Decorative Panels Int'l, Inc. v. Int'l Assoc. of Machinists & Aerospace Workers*, No.13-cv-10798, 2014 WL 5847602, at \*1 (E.D. Mich. Nov. 12, 2014) (denying motion for attorney's fees without prejudice pending appeal because of interest of judicial economy); *Smith v. Indian Hill Exempted Vill. Sch. Dist.*, No. 1:10-cv-718, 2012 WL 1813062, at \*1 (S.D. Ohio May 17, 2012) (same); *Derringer v. Sewell*, No. CV-08-8156-PHX-DGC, 2009 WL 2424662, at \*1 (D. Ariz. Aug. 7, 2009) (same); *Ewing v. TWA Rest. Grp., Inc.*, No. 08-2024-CM, 2009 WL 976490, at \*1 (D. Kan. Apr. 10, 2009) (same); *but see Klein v. Central States, SE & SW Areas Health & Welfare Plan*, 621 F. Supp. 2d 537, 540-41 (N.D. Ohio 2009) (addressing attorney's fees, notwithstanding pending appeal, on ground that attorney's fees ruling could be appealed at the same time). Second, even if relators do not prevail, the Sixth Circuit may conclude that the claims, though lacking in merit, were not frivolous. Such a ruling could impact the Court's resolution of MWCD's request for attorney's fees and costs. Finally, if MWCD prevails on appeal, it may seek additional fees and expenses associated with defending the appeal. *See, e.g., Smith*, 2012 WL 1813062, at \*1.

Consequently, if MWCD prevails on appeal, it will be permitted 14 days after the issuance of the mandate to file a request for attorney's fees and expenses. Accordingly, MWCD's motion for attorney's fees and expenses (Doc. No. 27) is denied without prejudice.

**IT IS SO ORDERED**.

Dated: April 5, 2016

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

3