# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ex rel., | ) | CASE NO. 5:13-cv-2145 |
| | ) | |
| | ) | |
| RELATORS, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| MUSKINGUM WATERSHED | ) | |
| CONSERVANCY DISTRICT, | ) | |
| | ) | |
| | ) | |
| RESPONDENT. | ) | |

Before the Court is the motion of respondent Muskingum Watershed Conservancy District ("respondent" or "MWCD") for reasonable attorneys' fees and expenses, pursuant to 31 U.S.C. § 3730(d)(4) and 28 U.S.C. § 1927. (Doc. No. 41 ["Mot."].) Relators Leatra Harper, Steven Jansto, and Leslie Harper (collectively "relators") oppose the motion (Doc. No. 42 ["Opp'n"]), and respondent has filed a reply. (Doc. No. 43 ["Reply"].) For the following reasons, respondent's motion for fees and expenses is denied.

## I. BACKGROUND

This closed *qui tam* action and related litigation have been the subject of numerous decisions, and familiarity with these prior rulings is presumed. Accordingly, the Court will only supply enough factual and procedural background to properly frame respondent's motion. Relators Leatra Harper and Steven Jansto are property owners of land abutting Seneca Lake in Guernsey and Nobel Counties in Ohio. (Doc. No. 8 (First Amended Complaint ["FAC"]) ¶ 5.) Respondent "is a political subdivision of Ohio" that was "organized in 1933 to reduce the effects

of flooding and conserve water for beneficial public uses[.]" (*Id.* ¶ 6.) In 1949, property was deeded to MWCD from the federal government for use for recreation, conservation, and reservoir development. (*Id.* ¶ 7; Doc. No. 8-1 (Deed) at 132[1].) The deed contained a reverter clause that provided for the property to be returned to the federal government in the event MWCD alienated the property. (Deed at 132.)

Between 2011 and 2014, MWCD entered into a series of leases conveying gas and oil mineral rights to various energy businesses for the purpose of conducting horizontal hydraulic fracturing ("fracking"). (FAC ¶¶ 10-13.) In 2013, relators filed the present *qui tam* action under the False Claims Act ("FCA"), 31 U.S.C. § 3729, claiming that the fracking leases had the effect of alienating the property and thereby triggering the reverter clause and entitling the federal government to immediate possession of the lands. (FAC ¶¶ 16-19, hereinafter the present action shall be referred to as "*Harper I*.") Relators maintained that, by failing to return the property, and by retaining the proceeds from the fracking leases, MWCD had violated the FCA.

The government declined to intervene, and the Court ordered the complaint in *Harper I* unsealed and served upon MWCD. After the complaint was served, defense counsel sent correspondence to relators' counsel identifying various pleading deficiencies it viewed with respect to relators' complaint, and requesting that relators voluntarily dismiss their claims. (Doc. No. 41-1 (April 7, 2015 letter from Attorney O. Judson Scheaf, III to Attorney Warner Mendenhall ["Correspondence"]).) Relators refused to dismiss. On November 25, 2015, the Court issued a memorandum opinion dismissing *Harper I* upon respondent's motion to dismiss. (Doc. No. 24 ["MO"]; *see* Doc. No. 25 (Judgment Entry).) The Court found that relators' claims

---

[1] All page numbers are to the page identification number generated by the Court's electronic docketing system.

were precluded by the FCA's public disclosure bar, and further determined that the claims failed to meet the pleading requirements of Rule 8(a) and 9(b) of the Federal Rules of Civil Procedure. (MO at 470-71.)

In a 2-1 decision, the Sixth Circuit affirmed this Court's dismissal. *See United States ex. rel. Harper v. Muskingum Watershed Conservancy Dist*., 842 F.3d 430 (6th Cir. 2016). The majority did not address this Court's ruling with respect to the public disclosure bar, focusing instead on relators' failure to plead the scienter now required, following the 2009 passage of the Fraud Enforcement and Recovery Act ("FERA"), to state reverse false and conversion claims under the FCA. Emphasizing that this case represented one of first impression in the circuits, and noting that there was "little established case law" to guide its analysis, the court determined that relators were required to allege facts that "create the inference that MWCD knew that the relevant deed restrictions required it to deliver property to the United States, or that it 'act[ed] in deliberate ignorance' or in 'reckless disregard' of this fact." *Harper*, 842 F.3d at 437-38 (quoting 31 U.S.C. § 3729(b)(1)(A); *Weisbarth v. Geauga Park Dist*., 499 F.3d 538, 541 (6th Cir. 2007)). Having failed to plead facts sufficient to support such an inference, the court ruled that dismissal of relators' claims was warranted. *Id*. at 438-39.

One panelist dissented. While joining in the majority's interpretation of the statutory language setting forth the new scienter requirement, the dissent disagreed with the majority's conclusion that relators had failed to plead a sufficient factual basis to support their claim that "MWCD knowingly avoided an obligation to the government and knowingly converted government money or property." *Id*. at 440 (Moore, J. dissenting).

In 2015, while the present action was still pending, relators filed a second *qui tam* action

against MWCD. (Case No. 5:15-cv-1608 ["*Harper II*"].) Once again highlighting the fracking leases MWCD entered into with various gas companies, *Harper II* raised additional claims under the FCA. While relators previously asserted that the leases triggered the reverter clause in the deed, relators premised liability in *Harper II* on the Flood Control Act of 1939 ("the 1939 Act"). According to the amended pleading in that action, MWCD owed a duty under the 1939 Act to transfer certain property to the federal government to further federal flood control relief efforts if, at any time, MWCD ceased using the land to further its recreation and conservation efforts. (*Harper II*, Doc. No. 11 (First Amended Complaint) ¶¶ 8-15.) It was relators' position that, by entering into the fracking leases between 2011 and 2014, MWCD had decided that the property would no longer be used for its designated purposes and was subject to transfer. (*Id*. ¶¶ 29-30.)

Once again, the government declined to intervene. On September 15, 2017, this Court granted MWCD's motion to dismiss *Harper II* on res judicata grounds. (Doc. No. 28 (Memorandum Opinion).) Specifically, the Court determined that relators were precluded from pursuing their new FCA claims because they arose from the same factual transactions—the fracking leases—at issue in *Harper I* and involved the same parties. As such, the Court found that the new claims could have and should have been brought in the original lawsuit. *Id*. In reaching this conclusion, the Court rejected relators' argument that the FCA's sealing requirements, under 31 U.S.C. § 3730(b)(2), constituted a jurisdictional bar to raising the claims

in *Harper I*.[2]

On February 14, 2017, MWCD filed the present motion for attorney's fees and expenses.[3] The Court referred the matter of fees to the magistrate judge, but the parties were unable to reach a resolution. (*See* Doc. No. 44 (Order of Referral); Doc. No. 51 (Minutes of Mediation Proceedings and Order).) The matter is now ripe for resolution.

### II. MOTION FOR FEES UNDER 31 U.S.C. § 3730(D)(4)

Respondent seeks fees as the prevailing party under the fee shifting provisions of the FCA, which provide, in relevant part:

> If the Government does not proceed with the action and the person bringing the action conducts the action, the court may award to the defendant its reasonable attorneys' fees and expenses if the defendant prevails in the action and the court finds that the claim of the person bringing the action was *clearly frivolous, clearly vexatious, or brought primarily for purposes of harassment*.

31 U.S.C. § 3730(d)(4) (emphasis added). "A claim is frivolous if it has no arguable support in existing law or any reasonably based suggestion for its extension." *United States ex rel. Bain v. Ga. Gulf Corp.*, 208 F. App'x 280, 283 (5th Cir. 2006) (citation omitted); *Pfingston v. Roman Eng'g Co.*, 284 F.3d 999, 1006 (9th Cir. 2002) ("An action is clearly frivolous when the result is

---

[2] Relators argued that they could not have amended the complaint in *Harper I* to bring their new claims relative to the 1939 Act because it would have required the refiling of *Harper I* under seal and a failure to file under seal would have deprived the Court of jurisdiction. The Court rejected this argument because the FCA's sealing provision—which requires the sealing of an FCA complaint for a period of time while the government contemplates whether it will intervene—does not apply to amended complaints, such as the one filed in *Harper II*, containing similar factual allegations as the pleading in *Harper I*, and because there were no impediments to relators requesting leave to file an amended complaint (sealed or unsealed) in *Harper I*.

[3] Immediately after this Court granted respondent's motion to dismiss the amended complaint in *Harper I*, respondent filed its first motion for fees and expenses. (Doc. No. 27.) In a memorandum opinion, dated April 5, 2016, the Court denied this initial motion without prejudice subject to refiling in the event respondent prevailed on appeal. (Doc. No. 32 at 517.) After the Sixth Circuit announced its decision on appeal, but before the mandate issued, respondent filed its second motion for fees and expenses. (Doc. No. 37.) Relators opposed this motion on the ground that it was filed prematurely. (*See* Doc. No. 38 (Relators' Memorandum in Opposition) at 572.) The present motion for fees was filed after the Sixth Circuit's mandate issued. Accordingly, respondent's previously filed motion (Doc. No. 37) is denied as moot.

obvious or the appellant's arguments of error are wholly without merit.") (quotation marks and citations omitted); *Mikes v. Straus*, 274 F.3d 687, 705 (2d Cir. 2001) ("A claim is frivolous when, viewed objectively, it may be said to have no reasonable chance of success, and present no valid argument to modify present law.") (citations omitted), *abrogated on other grounds by Univ. Health Servs., Inc. v. United States*, --U.S.--, 136 S. Ct. 1989, 1999, 195 L. Ed. 2d 348 (2016). An action is "clearly vexatious" or "brought primarily for the purposes of harassment" when "the plaintiff pursues the litigation with an improper purpose, such as to annoy or embarrass the defendant." *Pfingston*, 284 F.3d at 1006 (citation omitted); *United States ex rel. Rafizadeh v. Continental Common Inc.*, 553 F.3d 869, 875 (5th Cir. 2000) (same) (citation omitted); *Bain*, 208 F. App'x at 283 (same) (citation omitted). Either a finding that an FCA relator's claims were frivolous or vexatious "is independently sufficient to support an award of attorneys' fees under § 3730(d)(4)." *Bain*, 208 F. App'x at 283 (citing *Mikes*, 274 F.3d at 704-05).

"The decision of whether to award fees under Section (d)(4) is 'purely discretionary' with the Court." *United States ex rel. Tomlin v. Royco*, No. 3-02-1179, 2010 WL 1727888, at *5 (M.D. Tenn. Mar. 30, 2010) (quoting *Mikes v. Straus*, 98 F. Supp. 2d 517, 526 (S.D.N.Y. 2000), *aff'd*. 274 F.3d 687 (2d Cir. 2000) (further citation omitted)); *see United States ex rel. Onnen v. Sioux Falls Indep. Sch. Dist.*, 688 F.3d 410, 415 (8th Cir. 2012) (referencing the district court's "substantial discretion" in considering fees under § 3730(d)(4)); *see also Garner v. Cuyahoga Cnty. Juvenile Court*, 554 F.3d 624, 635 (6th Cir. 2009) ("'the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs'") (quoting 42 U.S.C. § 1988(b))).

Because the language of § 3730(d)(4) tracks the formulation as to when a prevailing defendant may recover fees under 42 U.S.C. § 1988, "§ 1988 cases are instructive in deciding whether fees are appropriate under the False Claims Act." *Pfingston*, 284 F.3d at 1005-06; *see Onnen*, 688 F.3d at 415 ("The legislative history suggests, quite logically, that in determining whether to award attorney's fees under the FCA, courts should apply the familiar standards applied under 42 U.S.C. § 1988.") (citation omitted); *Mikes*, 274 F.3d at 705 (similar) (citation omitted).

While fees to a prevailing civil rights plaintiff is the norm, "prevailing defendants are entitled to attorneys fees much less frequently." *Smith v. Smythe-Cramer Co.*, 754 F.2d 180, 182 (6th Cir. 1985) (citing *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 417-18, 98 S. Ct. 694, 54 L. Ed. 2d 648 (1978)). The Supreme Court has cautioned that "it is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Christianburg,* 434 U.S. at 421-22. "A 'plaintiff should not be assessed his opponent's attorney fees unless the court finds the claim was groundless at the outset or 'that the plaintiff continued to litigate after it clearly became so.'" *Wilson-Simmons v. Lake Cnty. Sheriff's Dep't*, 207 F.3d 818, 823 (6th Cir. 2000) (quoting *Smith*, 754 F.2d at 183). "This 'requires inquiry into the plaintiff's basis for filing suit. Awards to prevailing defendant will depend on the factual circumstances of each case.'" *Id*. (quoting *Smith*, 754 F.2d at 183). Accordingly, the award of fees to a prevailing defendant under the FCA is "'reserved for rare and special circumstances.'" *United States ex rel. Rafizadeh,* 553 F.3d at 875 (quoting *Pfingston*, 284 F.3d at 1006-07).

7

Respondent maintains that fees are appropriately assessed under § 3730(d)(4) because relators' claims were clearly frivolous, and relators continued to pursue their claims after they were on notice that their claims were "objectively baseless." (Mot. at 621.) In support, respondent cites cases wherein complaints were based on publically available information or where relators were unable to show that they were the original source of the information. (Mot. at 621, citing *Bain*, 208 F. App'x at 283; *Martel v. Maxxam, Inc.*, No. 99-20476, 211 F.3d 594 (table), 2000 WL 329354, at *2-3 (5th Cir. Mar. 23, 2000).) However, these cases are of little persuasive value as the Sixth Circuit did not affirm the Court's dismissal on the ground that relators were not the original source of the information underlying the litigation. Respondent also relies on cases wherein fees were awarded to a prevailing defendant when a plaintiff persisted in advancing his claims after a defendant brought the claim deficiencies to the plaintiff's attention. (*Id*. at 620, citing *Carter v. Subway Store # 6319*, No. 11-15158, 2012 WL 666838, at *6 (E.D. Mich. Feb. 29, 2012); *United States ex rel. Fox Rx, Inc., v. Omnicare, Inc*., No. 12cv275 (DLC), 2014 WL 6750277, at *3-4 (S.D.N.Y. Dec. 1, 2014).) Again, though respondent brought pleading issues to relators' attention—primarily those relating to the original source of the information and the failure to meet Rule 9(b) pleading requirements—the Sixth Circuit did not affirm on either basis.[4]

Instead, the Sixth Circuit affirmed on a matter that it deemed one of first impression,

---

[4] Respondent's counsel did advise relators' counsel that he believed that relators had failed to plead facts supporting a finding that MWCD "knowingly conceal[ed]" property or "improperly avoid[ed]" an obligation. (Correspondence at 628.) However, respondent's counsel relied on the federal government's knowledge of the deed and its decision not to intervene, rather than respondent's knowledge, in presenting this argument to relators' counsel. (*See id*.)

which was based on a change in the statutory law governing false claims actions. Given the rapidly evolving nature of the law in this area, and the fact that respondent ultimately prevailed—in a split decision—on a matter of first impression, the Court cannot find that this action was groundless at the start or "that the plaintiff continued to litigate after it clearly became so." *Christiansburg*, 434 U.S. at 422-24 (affirming district court's denial of fees to prevailing defendant on ground that defendant prevailed on a matter of first impression); *see United States ex rel. May v. Purdue Pharma L.P.*, 737 F.3d 908, 917 (4th Cir. 2013) (noting that the 2010 amendments to the FCA "significantly changed the scope of the public-disclosure bar") (citation omitted); *Tomlin*, 2010 WL 1727888, at *12 (collecting cases finding that the pre-amendment public disclosure bar was "far from a model of careful draftsmanship"). Further, relators advanced a good faith, though ultimately unsuccessful, argument in support of their FCA claims. (Opp'n at 686-89 [relying on *United States ex rel. Purcell v. MWI Corp.*, 807 F.3d 281 (6th Cir. 2015) and state law to argue that respondent should have been warned away from its interpretation of objectionable scienter].) Under these circumstances, the Court does not find that relators' claims were wholly without merit or for which there was no arguable support in existing law.

Respondent also suggests that fees can be awarded because, in its view, the present action was vexatious and brought for the purpose of harassment and offers two arguments on this score. First, respondent points to relators' decision to continue to pursue their claims in *Harper I* and their decision to file *Harper II*. (Mot. at 622-23; Reply at 729.) As set forth above, the Court cannot apply hindsight logic to find that the claims in *Harper I* were frivolous. As for *Harper II*, the Court dismissed those claims, not on the basis that the claims lacked merit, but because the

9

claims were barred by claim preclusion. In opposition to respondent's motion to dismiss, relators explained that they brought the claims in *Harper II* in a separate action, instead of by way of an amendment in this original action, because of the sealing requirements of 31 U.S.C. § 3730(b)(2). While the Court determined that the prevailing law would not have required sealing of an amended complaint based on factually and legally similar claims, there was at least some authority arguably supporting relators' position. *See United States ex rel. Davis v. Prince*, 766 F. Supp. 2d 679, 684 (E.D. Va. 2011) (holding generally that the FCA's sealing requirement applied to amended complaints that added new claims for relief or new and substantially different allegations).[5] The fact that the relators had a good faith—albeit legally wrong—reason for filing their subsequent claims in a separate lawsuit counsels against a finding of harassment or vexation.

Second, respondent challenges relators' "political motivations," suggesting that relators brought the present action (and *Harper II*) for the improper purpose of "halt[ing]" the fracking activities associated with the gas and mineral rights leases. (Mot. at 623; Reply at 729.) It is true that a relator misuses the *qui tam* process if he uses it simply to "redress a private grievance[.]" *Tomlin*, 2010 WL 1727888, at *11 (citing *United States ex rel. Herbert v. Nat'l Academy of Sciences*, Civ. A. No. 90-2568, 1992 WL 247587, at *5 (D.D.C. Sept. 15, 1992) ("Herbert is seeking to use the *qui tam* provisions to redress a private grievance between him and [defendant]. As such his action is an abuse of the *qui tam* process.")).

In support of this argument, respondent directs the Court's attention to language in the

---

[5] In *Prince*, the court ruled that sealing of the amended complaint was not required because the amended complaint contained allegations that were closely related to the allegations in the complaint in *Harper I*. *Prince*, 766 F. Supp. 2d at 684-85. Such a ruling is actually consistent with the Court's ruling in *Harper II* that sealing would not have been required if relators had sought to amend the complaint in *Harper I* to add the new claims.

Sixth Circuit's decision noting that relators are "three Ohio residents opposed to fracking[.]" (Reply at 729, quoting *Harper*, 842 F.3d at 432.) This passing reference in the Sixth Circuit's decision hardly supports a finding that relators have abused the *qui tam* process, or that their federal claims were based on the same facts that had previously been litigated in state court. While this argument may have some merit, it does not appear from the record before this Court or the Sixth Circuit that the nature of the prior state court proceedings was ever developed by the parties, making it impossible for the Court to determine whether the federal claims are merely the prior state court claims "dressed up" to look like federal FCA claims. *See United States v. PNC Fin. Servs. Grp., Inc.*, No. 1:14-cv-1097, 2016 WL 1637440, at *4 (W.D. Mich. Apr. 26, 2016) (*qui tam* lawsuit was brought for improper purpose where it was merely a "reformulation of plaintiffs' unsuccessful lawsuits in state courts," emphasizing that "qui tam provisions are not intended as a consolation prize for disappointed litigators") (quotation marks and citation omitted). Consequently, the Court cannot find that that relators' federal lawsuits were brought for improper purposes.

Ultimately, the Court is not convinced that this case presents rare and special circumstances justifying fees for a prevailing defendant. Therefore, under the circumstances of this case, and for all the reasons addressed above, the Court finds that an award of fees under 31 U.S.C. § 3730(d)(4) is not appropriate.

### III. MOTION FOR FEES UNDER 28 U.S.C. § 1927

For many of the same reasons, respondent is not entitled to recover fees from relators' counsel under 28 U.S.C. § 1927. Pursuant to § 1927, "a court may impose sanctions personally on an attorney who 'multiplies the proceedings in any case unreasonably and vexatiously" where

11

the attorney's conduct amounts to 'a serious and studied disregard for the orderly processes of justice.'" *Barney v. Holzer Clinic, Ltd.*, 110 F.3d 1207, 1212 (6th Cir. 1997) (quoting 28 U.S.C. § 1927; *United States v. Ross*, 535 F.2d 346, 351 (6th Cir. 1976)). "Fees may be assessed without a finding of bad faith, 'at least when an attorney knows or reasonably should know that a claim pursued is frivolous, or that his or her litigation tactics will needlessly obstruct the litigation of nonfrivolous claims.'" *Ridder v. City of Springfield*, 109 F.3d 288, 298 (6th Cir. 1997) (quoting *Jones v. Continental Corp.*, 789 F.2d 1225, 1230 (6th Cir. 1986)).

As set forth above, the Court cannot find on the record before it that the present litigation was brought with an improper motive or with the purpose to harass respondent. Further, in light of the fact that this Court's dismissal was affirmed on a matter of "first impression," the Court does not find that the claims were wholly frivolous or entirely unsupported by the law. Therefore, an award of fees under § 1927 is not warranted. *See, e.g., Barney*, 110 F.3d at 1213 (denying fees under § 1927 by finding no evidence of an improper purpose and underscoring the fact that the "central issue was one of first impression") (citing *Overnite Transp. Co. v. Chicago Indus. Tire Co.*, 697 F.2d 789, 794-95 (7th Cir. 1983) (further citation omitted)).

### IV. CONCLUSION

For all of the foregoing reasons, respondent's motion for reasonable fees and expenses (Doc. No. 41) is denied in its entirety.

**IT IS SO ORDERED**.


Dated: September 15, 2017

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**